LLAMOSAS v. LLAMOSAS, appellant.

*Divorce — allowance to wife pendente lite — what not unreasonable allowance.*

Where the facts set forth in a complaint by the wife for divorce are sufficient to entitle the plaintiff to a judgment although denied, and the wife appears to be in destitute circumstances, an allowance will usually be made sufficient to enable her to maintain the litigation and support herself respectably in the meantime.

An allowance of $35 per week and $500 to plaintiff's attorneys, *held,* not unreasonable where it was alleged that defendant was a person of ample means, which averment was not denied, but simply an allegation made that defendant relied for subsistence on the successful prosecution of his business, and it was shown that he had $18,000 in one investment, and had received $5,000 through his wife.

APPEAL from an order granting alimony. The action was brought by Altagracia Cepeda de Llamosas against Antonio Llamosas for a divorce *a mensa et thoro.* Before the appearance of defendant, plaintiff petitioned the court for an allowance *pendente lite.* The complaint set out the intermarriage of defendant in Cuba; that plaintiff and defendant, since their marriage, were inhabitants of the State at least a year, and the plaintiff is still a resident; that defendant has been guilty of cruel and inhuman treatment toward plaintiff; two instances being specified; that defendant abandoned plaintiff on a specified date. The issue of the marriage were named; the receipt of a donation by defendant of $5,000 gold from plaintiff's parents, and the ability of defendant to support plaintiff, and her inability to support herself were alleged.

The matter was sent to a referee to take proofs, and report what would be a suitable allowance. The referee reported that defendant had received $5,000 from plaintiff's parents; had property of the value of $18,000 invested in stock of the Commercial Warehouse

Company, and that, as near as could be ascertained, his income was $6,000 per year. The referee also reported that defendant was temporarily in the city liable to depart therefrom at any moment, and stated, as his opinion, that $35 per week would be a suitable allowance to plaintiff during the pendency of the action; $500 a suitable counsel fee for plaintiff's attorneys, and that the defendant should give security in the sum of $1,000 for the payment of the allowances, with one surety, who should be a resident householder, or real-estate holder within the State, and should justify in double said amount.

After the report of the referee was made, defendant put in an answer denying the allegations of cruelty and abandonment, stating that he and plaintiff had mutually agreed to live separately; that they had agreed upon a sum for her support, which he had paid, etc., and stated "that his business requires him to travel, and that he relies for subsistence on the successful prosecution of that business."

After defendant's appearance, an order was entered confirming the report, from which defendant appealed.

*Coudert Brothers*, for appellant, cited 2 Barb. Ch. Pr. 266; *Whitney* v. *Whitney*, 22 How. 175; *Wood* v. *Wood*, 2 Paige, 109; *Osgood* v. *Osgood*, id. 621.

*Sullivan, Kobbe & Fowler*, for respondent.

DANIELS, J. The facts alleged in the complaint in this action are sufficient to entitle the plaintiff to a judgment of separation from the defendant under the provisions of the statute of this State, and although they are denied by him, it is entirely clear that a substantial controversy exists between the parties which may result in the recovery of the relief demanded by her.

Where that is the case and the wife appears to be in destitute circumstances, an allowance is usually made to her out of her husband's means sufficient to enable her to carry on the litigation, and where that is justified by his circumstances, also to maintain herself respectably in the meantime.

The complaint in this cause contains the statement that the defendant is a person of ample means. And he has not denied that averment, but simply states in that connection that he relies

for subsistence on the successful prosecution of his business. This statement may be entirely true and he at the same time be a person of ample means, as the plaintiff has alleged him to be.

· On the hearing he was shown to own $18,000 stock in the Commercial Warehouse Company, and to have received $5,000 from the plaintiff's father.

Whether he owned other property or not did not appear, beyond the allegations of the pleadings. From them it is most probable that he did, and that supposition is confirmed by the style in which he lived with his wife and children before his separation from her, and from the circumstance that though present with his counsel during a part of the hearing before the referee, he made no denial of the propriety of her claim, amounting to $35 or $40 per week for the support of herself and their child. If he was not able to supply her with that weekly amount he should have been sworn, as he had the right to be, and shown that to be the state of his circumstances. His omission to do that was in the nature of a concession of his ability to pay what she demanded. ·

It is true that there was no proof as to the amount which would be required on the part of the plaintiff to carry on the prosecution of ·her action. But the inquiry as to the fact was referred to a member of the legal profession whose experience and knowledge could be trusted with the decision of that question, even though no evidence beyond the papers in the case should be given to guide the proper exercise of his judgment.

The allowances in both respects are certainly more liberal and ample than ordinary circumstances would justify, but this court cannot hold that injustice was done to the defendant in making them, as long as the referee had sufficient before him to warrant him in believing the allegation in the complaint that his means were ample and he refrained from giving any explanation concerning their extent himself.

The security required for the payment of the sums awarded to the plaintiff was sanctioned by the statute. 2 R. S. 148, § 60. And the order appealed from should be affirmed, with $10 costs, besides disbursements.

*Order affirmed.*